FILED
 2015 Nov-19  AM 10:49
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JENNIFER VINCENT,** | ) | |
| **PLAINTIFF,** | ) | |
| VS. | ) | 2:15-cv-00665-JHH |
| **AT&T MOBILITY SERVICES, LLC,** a corporation; and **TORVAC AMOS,** individually, | ) ) ) | |
| **DEFENDANTS.** | ) | |

**MEMORANDUM OPINION AND ORDER**

The court has before it Defendants' Motion (Doc. #9) to Compel Arbitration filed on June 29, 2015. That Motion (Doc. #9) was stayed by the court on July 16, 2015 (Doc. #13) until the parties had the opportunity to brief the Motion (Doc. #12) for Leave to Conduct Arbitration-Related Discovery. On August 6, 2015 the court entered an order (Doc. #17) denying the motion for arbitration-related discovery and directing the plaintiff to show cause why the motion to compel arbitration should not be granted. The issue has now been fully briefed (Docs. #20, 21) and is ripe for review.

Plaintiff Jennifer Vincent filed a complaint in this case on April 22, 2015 alleging sexual harassment, retaliation, and retaliatory discharge under Title VII of the Civil Rights Act of 1964, as amended. (*See generally* Compl.). Defendants argue that those claims are subject to the Management Arbitration Agreement (the "Agreement") mandating the arbitration of disputes related to employment. (Doc. #10 at 1). Vincent was sent various emails in late 2011, advising her that unless she followed the instructions to opt out of the

program by February 6, 2012, she would be agreeing to the arbitration process. (Doc. #10 at 2). Vincent argues that she opted out of the Agreement, following the electronic opt-out procedure, after discussing the Agreement with her manager. (Doc. #20 at 4, 7). Defendants contend that Vincent did not opt out of the Agreement. (Doc. #10 at 1).

As this court has previously noted, the Eleventh Circuit has found that courts should apply a Rule 56 summary judgment standard in evaluating motions to compel arbitration that are considered as factual attacks on subject matter jurisdiction. *See Magnolia Capital Advisors, Inc. v. Bear Stearns & Co.*, 272 Fed. Appx. 782, 785-86 (11th Cir. 2008); *see also Johnson v. KeyBank Nat'l Assoc.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (describing an order compelling arbitration as "summary-judgment-like;" "it is in effect a summary disposition of the issue of whether or not there has been a meeting of the minds on the agreement to arbitrate."). That is, "to make a genuine issue entitling the party seeking to avoid arbitration to a trial by jury on the arbitrability question, an unequivocal denial that the agreement had been made is needed, and some evidence should be produced to substantiate the denial." *Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854 (11th Cir. 1992).

Now, for the first time, Plaintiff has produced an affidavit attesting to her contention that she "rejected the ADR invitation and opted out of the arbitration process presented to her by AT&T." (Doc. #17 at 2). Plaintiff concedes that she received multiple emails from AT&T with the subject line reading "Action Required Arbitration Agreement." (Pl. Decl., ¶¶ 9-12). From reading those emails, she understood that the deadline for opting out of the Agreement was February 6, 2012 and should she choose to do nothing in response, she would

automatically agree to the arbitration process. (Pl. Decl., ¶ 9). Plaintiff spoke with her manager at the time, Renard Williams, and was assured that she would suffer no consequences if she made the decision to opt out of the Agreement. (Pl. Decl., ¶ 14). Plaintiff contends that she opted out of the Agreement on February 6, 2012 by clicking on the hyperlink to opt out and following the instructions on the screen. (Pl. Decl., ¶ 16).

Because there is now a dispute of fact in the record, the parties are **DIRECTED** to engage in discovery limited to the issues presented by the Motion (Doc. #9) to Compel Arbitration. Such discovery **SHALL** be completed on or before **January 25, 2016**. The Motion (Doc. #9) to Compel Arbitration is **DENIED WITHOUT PREJUDICE**, to be re-filed **on or before January 25, 2016** if necessary.

**DONE** this the 19th day of November, 2015.

_James H. Hancock_
SENIOR UNITED STATES DISTRICT JUDGE